IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(**Alexandria Division**)

| | |
|---|---|
| ARLENE FRY,<br><br>    Plaintiff,<br><br>    v.<br><br>RAND CONSTRUCTION CORPORATION,<br><br>    Defendant. | CIVIL ACTION NO.<br>1:17-CV-00878-AJT-TCB |

**DEFENDANT RAND CONSTRUCTION CORPORATION'S OPPOSITION TO
PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW**

**Table of Contents**

**page**

I. INTRODUCTION ...............................................................................................................1

II. PLAINTIFF WAIVED HER RIGHT TO MOVE FOR JUDGMENT
AS A MATTER OF LAW ..................................................................................................2

III. A REASONABLE JURY COULD FIND THAT STEALING CONFIDENTIAL
COMPANY DOCUMENTS IS A TERMINABLE OFFENSE ..........................................4

    A. Standard of Review..................................................................................................4

    B. The Trial Record Shows Plaintiff Engaged In Misconduct .....................................5

    C. The Trial Record Shows Plaintiff's Conduct Was a Terminable Offense ................8

    D. Plaintiff Cannot Avoid the After-Acquired Evidence Defense Because She
Communicated With Rand From Her Personal E-mail Account ...........................11

IV. CONCLUSION................................................................................................................13

## Table of Authorities

<mark>

</mark>
<mark>
</mark>

<mark>
</mark>

<mark>
</mark>

<mark>
</mark>

<mark>
</mark>
Page(s)

**Cases**

*Cretella v. Kuzminski*,
  640 F. Supp. 2d 741 (E.D. Va. 2009) .................................................................................3

*Cuff v. Trans States Holdings, Inc.*,
  768 F.3d 605 (7th Cir. 2014) ........................................................................................9, 12

*Davis v. Billington*,
  51 F. Supp. 3d 97 (D.D.C. 2014) .......................................................................................9

*Deltek, Inc. v. Dep't of Labor, Admin. Review Bd.*,
  649 F. App'x 320 (4th Cir. 2016) ....................................................................................11

*Dotson v. Pfizer, Inc.*,
  558 F.3d 284 (4th Cir. 2009) .........................................................................................4, 8

*Exxon Shipping Co. v. Baker*,
  554 U.S. 471 (2008) ...........................................................................................................2

*Francisco v. Verizon S., Inc.*,
  756 F. Supp. 2d 705 (E.D. Va. 2010), *aff'd*, 442 F. App'x 752 (4th Cir. 2011) ................9

*JDS Uniphase Corp. v. Jennings*,
  473 F. Supp. 2d 697 (E.D. Va. 2007) ...............................................................................10

*JDS Uniphase Corp. v. Jennings*,
  473 F. Supp. 2d 705 (E.D. Va. 2007) ...............................................................................10

*Jefferies v. Harris Cty. Cmty. Action Ass'n*,
  615 F.2d 1025 (5th Cir. 1980) ............................................................................................7

*Kempcke v. Monsanto Co.*,
  132 F.3d 442 (8th Cir. 1998) ..............................................................................................7

*Laughlin v. Metro. Washington Airports Auth.*,
  952 F. Supp. 1129 (E.D. Va. 1997), *aff'd,* 149 F.3d 253 (4th Cir. 1998) ........................6, 7

*McKennon v. Nashville Banner Publ'g Co.*,
  513 U.S. 352 (1995) .................................................................................................. passim

*Miller v. Premier Corp.*,
  608 F.2d 973 (4th Cir. 1979) ..............................................................................................3

*Nesselrotte v. Allegheny Energy, Inc.*,
  615 F. Supp. 2d 397 (W.D. Pa. 2009) ..........................................................................5, 10

*O 'Day v. McDonnell Douglas Helicopter Co.*,
 79 F.3d 756 (9th Cir. 1996) ...................................................................................6, 7, 8, 9

*Price Waterhouse v. Hopkins*,
 490 U.S. 228 (1989).................................................................................................................9

*Reeves v. Sanderson Plumbing Prods., Inc.*,
 530 U.S. 133 (2000)...........................................................................................................4, 11

*Russell v. Microdyne Corp.*,
 65 F.3d 1229 (4th Cir. 1995) ................................................................................................11

*Super Duper, Inc. v. Mattel, Inc.*,
 382 F. App'x 308 (4th Cir. 2010) ...........................................................................................3

*Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*,
 546 U.S. 394 (2006)................................................................................................................2

**Other Authorities**

Fed R. Civ. P. 50(a)-(b) ............................................................................................ *passim*

**I.       INTRODUCTION**

During her employment, plaintiff Arlene Fry took several confidential e-mails from other employees' e-mail accounts without authorization, including e-mails with attorney-client communications and private health information. The jury found that in doing so she engaged in misconduct that would have caused defendant Rand Construction Corporation ("Rand") to terminate her, notwithstanding its inexplicable finding of liability under the Family and Medical Leave Act ("FMLA").

Although plaintiff does not dispute that she took the e-mails at issue, she has moved for judgment as a matter of law on Rand's after-acquired evidence defense pursuant to Fed. R. Civ. P. 50(b). This motion fails at the threshold because it was waived. Plaintiff never moved for judgment as a matter of law before the case was submitted to the jury, so she cannot do so now. But even if her motion were proper, it fails on the merits. There is ample evidence from which the jury could conclude that plaintiff stole confidential company e-mails (she admits as much), and that this misconduct would have led to her termination (three witnesses testified to this obvious conclusion, which is supported by the company's policies). Plaintiff's arguments to the contrary—that using her personal account to communicate with Rand employees justifies her taking e-mails to which she was not a party; that an employer cannot proceed directly to termination when the executive assistant to the CEO steals the CEO's e-mails; and that taking confidential and attorney-client information is "protected conduct" under the FMLA—are illogical. In fact, they are simply irrelevant because the jury was provided with sufficient evidence that plaintiff stole privileged e-mails unrelated to her claim, which is misconduct for which plaintiff can offer no excuse. This is the very definition of "severe misconduct," and justifies the jury's finding for Rand on the after-acquired evidence defense.

## II. PLAINTIFF WAIVED HER RIGHT TO MOVE FOR JUDGMENT AS A MATTER OF LAW

Plaintiff failed to move for judgment as a matter of law on the after-acquired evidence issue "before [her] case [was] submitted to the jury." Fed. R. Civ. P. 50(a). She accordingly is foreclosed from "fil[ing] a renewed motion" on that issue under Fed. R. Civ. P. 50(b).

Under the plain language of the rule, a post-trial motion under Rule 50(b) is a "renew[al]" of a motion originally made under Rule 50(a) "before the case is submitted to the jury." *See* Fed R. Civ. P. 50(a)-(b); *see also, e.g., Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 396 (2006) ("Ordinarily, a party in a civil jury trial that believes the evidence is legally insufficient to support an adverse jury verdict will seek a judgment as a matter of law by filing a motion pursuant to Federal Rule of Civil Procedure 50(a) before submission of the case to the jury, and then (if the Rule 50(a) motion is not granted and the jury subsequently decides against that party) a motion pursuant to Rule 50(b)."). A preverdict motion is required because it "informs the opposing party of the challenge to the sufficiency of the evidence and affords a clear opportunity to provide additional evidence that may be available." Fed. R. Civ. 50, 2006 Advisory Committee Notes. Thus, a Rule 50(b) motion "can be granted only on grounds advanced in the preverdict motion." Fed. R. Civ. P. 50, 2006 Advisory Committee Notes; *see also, e.g., Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) ("A motion under Rule 50(b) is not allowed unless the movant sought relief on similar grounds under Rule 50(a) before the case was submitted to the jury.").

Plaintiff failed to make a motion for judgment as a matter of law as to Rand's after-acquired evidence defense under Rule 50(a) prior to submission of the defense to the jury. Her failure to do so forecloses her from making such a motion following the verdict under Rule

2

50(b).[1]  *See, e.g., id.* (motion for judgment as a matter of law following a verdict is not permissible unless the movant sought judgment as a matter of law before the case was submitted to the jury); *Super Duper, Inc. v. Mattel, Inc.,* 382 F. App'x 308, 316–17 (4th Cir. 2010) (failure to comply with Rule 50 forecloses a movant's challenge to the sufficiency of the evidence). Plaintiff claims her motion is being submitted pursuant to the Court's post-trial order permitting the filing of Rule 50(b) motions within 28-days of the verdict.  (*See* Dkt. No. 132 at 1; Dkt. No. 110.)  The Court's mere reminder that Rule 50(b) motions be submitted within the 28-day period set by the rule cannot excuse plaintiff's failure to comply with Rule 50(a)'s requirement that she first make her motion before the case is submitted to the jury.

Indeed, the Fourth Circuit has held that the requirement of a proper foundation for a motion under Rule 50 "is not a mere technicality," and that a reviewing court "should not hesitate to enforce [Rule 50] where the record shows a clear failure by counsel to observe it, no matter how meritorious may be the argument of the insufficiency of evidence."  *Miller v. Premier Corp.*, 608 F.2d 973, 980 n.3 (4th Cir. 1979).  Plaintiff failed to meet these requirements here.

---

[1] Although plaintiff does not claim to rely upon any exception to the requirements of Rule 50, courts in this circuit have recognized three exceptions, none of which apply here.  *See Cretella v. Kuzminski*, 640 F. Supp. 2d 741, 755 (E.D. Va. 2009) ("[T]here are three exceptions to the rule as recognized by this Court's appellate authority, the Fourth Circuit, namely: (1) where there has otherwise been substantial compliance with the rule; (2) where manifest injustice would otherwise occur since the verdict is wholly without legal support; or (3) where the trial judge, in effect, excused the failure to renew the motion.")  Plaintiff's counsel never sought judgment as a matter of law in any form prior to submission of the case to the jury, and the Court never excused plaintiff from her obligation to do so.  *See, e.g., id.* at 755-56 (applying exception to permit Rule 50(b) motion where the "Court informed the parties that it was aware of Defendant's continued contentions that there was insufficient evidence to sustain the claims against him, and at the close of Plaintiff's evidence, the Court recognized that especially given Defendant's *pro se* status, it accepted Defendants contentions as a proper motion 'so that there's no default issue later'").  Nor, as discussed below, is the jury's verdict a "manifest injustice … wholly without legal support." (*See* Section III.A-D, *infra.*)

3

Her post-verdict motion for judgment as a matter of law pursuant to Rule 50(b) accordingly must be denied.

## III. A REASONABLE JURY COULD FIND THAT STEALING CONFIDENTIAL COMPANY DOCUMENTS IS A TERMINABLE OFFENSE

Even if plaintiff were somehow permitted to bring her motion, it should be denied as meritless. The jury was provided uncontroverted evidence that plaintiff took several e-mails without authorization from the account of Rand's CEO. (*See* Trial Tr. at 440:6-16; 451:8-454:3; 460:13-461:17; 474:9-24; Def. Exs. 27, 28, 29, 31, 32, 34.) These included e-mails that had nothing to do with her claims, including one that was attorney-client privileged.[2] (Trial Tr. at 460:13-461:17; Def. Ex. 34.) A reasonable jury undoubtedly can conclude that this constitutes "severe misconduct" that would have led to plaintiff's termination.

### A. Standard of Review

The jury found that plaintiff engaged in "wrongdoing [that] was of such severity that [she] in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge." *McKennon v. Nashville Banner Publ'g Co*., 513 U.S. 352, 362–63 (1995); (*see* Dkt. No. 112 at 3). Judgment as a matter of law notwithstanding the verdict is proper only when there is no legally sufficient evidentiary basis for a reasonable jury to find for the non-moving party. Fed. R. Civ. P. 50(a). When considering a Rule 50(b) motion, the court must review "all of the evidence in the record" in the "light most favorable to the non-moving party." *Dotson v. Pfizer, Inc*., 558 F.3d 284, 292 (4th Cir. 2009); *Reeves v. Sanderson Plumbing Prods., Inc*., 530 U.S. 133, 150-51 (2000).

---

[2] In their brief plaintiff improperly disclosed the content of this attorney client communication, notwithstanding the fact that the document was completely redacted. This disclosure violates their ethical obligations in handling improperly obtained attorney client privileged communications and should be stricken from the record.

4

### B. The Trial Record Shows Plaintiff Engaged In Misconduct

The jury had sufficient evidence to determine plaintiff engaged in severe misconduct when she took confidential and privileged Rand documents.

Plaintiff worked as the executive assistant to Rand's CEO, Linda Rabbitt. (Trial Tr. at 184:4-5; 434:9-11.) Plaintiff understood that this position was a position of trust that required her to handle confidential information in an appropriate manner. (*Id.* at 450:8-451:14; Def. Ex. 2.) Plaintiff also was subject to a confidentiality agreement (Def. Ex. A) and Rand policies (Def. Ex. 44) that required her to protect the company documents and prohibited her from misusing such material. (Trial Tr. at 450:8-451:14.)

Notwithstanding these policies and her position of trust, plaintiff admitted at trial that she took several of Rabbitt's e-mails in the months leading up to her termination. (Trial Tr. at 373:22-376:4; 440:6-441:11; 451:8-454:3; 460:13-461:17; 474:9-24.) These included e-mails that related to Rabbitt's health (Def. Ex. 28.), company business (Def. Ex. 31-32.), and an attorney-client communication that was unrelated to plaintiff (Def. Ex. 34). Plaintiff was not an addressee on many of these e-mails, and was never given authorization to take them. (Trial Tr. at 440:6-13; 451:8-454:3; 460:13-461:17; 474:9-474:24; Def. Exs. 27, 28, 29, 31, 32, 34.) When plaintiff was asked why she took these e-mails, she denied they were for her lawsuit. (Trial Tr. at 453:8-24; 451:8-454:3; 474:22-475:5.) Instead, she claimed they were for her "records," or to "read" or "have" them. (*Id.*) Plaintiff admitted, however, that taking some of these documents was not consistent with maintaining Rand or Rabbitt's confidentiality. (Trial Tr. at 461:2-17.)

The taking of company documents without authorization—and privileged attorney-client communications in particular—is misconduct that is sufficiently severe to lead to discharge for purposes of the after acquired evidence defense. *McKennon,* 513 U.S. at 356*; see also, e.g., Nesselrotte v. Allegheny Energy, Inc.*, 615 F. Supp. 2d 397, 407 (W.D. Pa. 2009) (granting

5

summary judgment on after acquired evidence defense where employee downloaded and copied documents subject to the attorney client privilege). Indeed, in *McKennon*, the Supreme Court accepted the proposition that the plaintiff's removing of confidential documents for "insurance" and "protection" in case she was fired because of her age was "so grave that McKennon's immediate discharge would have followed its disclosure in any event." *McKennon,* 513 U.S. at 355-56.

Plaintiff argues she was not "guilty" of misconduct because she only sent the e-mails to herself to "build a case" against Rand. (Dkt. No. 132 at 11-12.) But the jury was entitled to believe plaintiff's testimony that she did *not* take the e-mails for this purpose. (Trial Tr. at 453:8-24; 451:8-454:3; 474:22-475:5.) And even if she had taken the e-mails to "build a case," the jury was entitled to find that plaintiff engaged in misconduct. *First,* the unauthorized taking of a company's documents for purposes of "building a case" against it is not protected conduct and does not preclude application of the defense. *See, e.g., Laughlin v. Metro. Washington Airports Auth*., 952 F. Supp. 1129, 1137–38 (E.D. Va. 1997), *aff'd,* 149 F.3d 253 (4th Cir. 1998). The Fourth Circuit has "easily conclude[d] that the employer's interest in maintaining security and confidentiality of sensitive personnel documents outweighs [plaintiff's] interest in providing those documents to [another employee who filed a charge with the EEOC]." *Laughlin,* 149 F.3d at 260. "The opposition clause[s]" of federal employment discrimination laws "protect[] reasonable attempts to contest an employer's discriminatory practices; it is not an insurance policy, a license to flaunt company rules or an invitation to dishonest behavior." *O 'Day v. McDonnell Douglas Helicopter Co*., 79 F.3d 756, 763–64 (9th Cir. 1996). Plaintiff's own

6

authority is in accord.³ *Jefferies v. Harris Cty. Cmty. Action Ass'n,* 615 F.2d 1025, 1036 (5th Cir. 1980) (employee that copied confidential documents did not engage in protected activity); *O'Day,* 79 F.3d at 763 (same).

*Second,* the jury was entitled to find that plaintiff's theft of materials went beyond "building her case" against Rand. For example, plaintiff printed and took home an attorney-client privileged email not addressed to the plaintiff that she admitted was unrelated to her employment. (*See* Trial Tr. at 460:13-461:17; Def. Ex. 34). She also took e-mails regarding Rabbitt's medical condition. (Trial Tr. at 440:17-441:6; Def. Ex. 28.) Neither of these documents directly related to her claim. And even if they were, "[w]e are loathe to provide employees an incentive to rifle through confidential files looking for evidence that might come in handy in later litigation." *O'Day*, 79 F.3d at 763. In copying and taking Rand's documents, plaintiff "breached her duty to be loyal and to provide faithful service to her employer. The deliberate breach of these duties … should not be treated as if it enjoyed a stature which it clearly does not enjoy elsewhere in the law—that of reasonable conduct which is worthy of balancing against an employer's legitimate interests." *Laughlin*, 952 F. Supp. at 1137–38. There accordingly is ample evidence from which the jury could find that plaintiff engaged in "severe misconduct" that would have led to her termination. *McKennon,* 513 U.S. at 356.

---

³ Plaintiff argues that her conduct is similar to that in *Kempcke v. Monsanto Co.,* 132 F.3d 442 (8th Cir. 1998), where the employee "innocently" found company documents in circumstances "akin to the employee who is inadvertently copied on an internal memorandum, or who discovers a document mistakenly left in an office copier." *Id.* at 446; (Dkt. No. 132 at 18). However, plaintiff did not "innocently" acquire Rabbitt's e-mails. Instead, she took them without authorization by exploiting her role as Rabbitt's executive assistant, which plaintiff admitted was a position of trust that required her to preserve the confidentiality of Rabbitt's communications. (Trial Tr. at 450:8 - 451:19.)

7

### C. The Trial Record Shows Plaintiff's Conduct Was a Terminable Offense

The trial record also contains uncontroverted evidence that Rand would have terminated plaintiff for her misconduct. Violetta Bazyluk, Rand's Director of Human Resources, testified that Rand would have "fired her immediately" upon discovery of her misconduct. (Trial Tr. at 193:21-23.) Kurt Haglund, Rand's Chief Operating Officer, testified that an employee taking emails that have nothing to do with that employee is a terminable offense. (*Id*. at 273:8-11.) And Rabbitt testified that taking her confidential information is "definitely grounds for termination." (*Id*. at 555:21-24.) Their testimony is consistent with Rand's own policies, which permit the company to proceed to "immediate termination" for any violation of company policy, including the prohibition on employees misusing confidential company documents.[4] (Trial Tr. at 196:1-6; Def. Ex. at 44 at 0033.) *See O'Day*, 79 F.3d at 762 ("There is nothing inherently incredible about McDonnell Douglas asserting that it would discharge an employee, even an employee with a spotless record, for sneaking into his supervisor's office, stealing sensitive documents pertaining to employment matters, and showing them to one of the very people affected by the documents."). This is more than sufficient to support the jury's verdict that Rand would have terminated plaintiff for her misconduct.[5] *See e.g. Dotson v. Pfizer, Inc.*, 558 F.3d at

---

[4] Plaintiff contends that Rand's policies did not prohibit her actions because they are not specifically included among the examples of improper conduct in her confidentiality agreement. (Dkt. No. 132 at 5-6.) However, plaintiff indisputably engaged in conduct that violated the terms of the company's handbook and the broad language of the confidentiality agreement. (*See* Def. Ex. 44 at 0030 – 0031 ("Employees may not use the Company's systems to: … knowingly open or review another employee's e-mail or voicemail without authorization; engage in any conduct that is in violation of [Rand's] policies or Code of Conduct … . Employees may not upload, download, or otherwise transmit confidential or proprietary information or materials via e-mail or the internet or onto a personal device without Company authorization…. Any employee found to have violated this policy is subject to disciplinary action up to and including termination.").

[5] Plaintiff argues that Rand must establish that it *would* have terminated plaintiff, not that it *could* do so. (Dkt. No. 132 at 14.) But the testimony of Rabbitt, Bazyluk, and Haglund was

8

299 (concluding testimony from the human resources vice president that plaintiff would have been terminated based on misconduct "would allow a reasonable jury to agree with Pfizer on this element of its after-acquired evidence defense").

Plaintiff argues that Rand offered no evidence that employees engaging in similar conduct were terminated like plaintiff. (Dkt. No. 132 at 15.) But it was not required to do so. "That's not what *McKennon* holds; it says that damages can be curtailed if the employer would have fired this employee, in particular, on learning of the worker's misconduct. That principle is not an anti-discrimination norm that requires a comparison with how the employer has treated other workers." *Cuff v. Trans States Holdings, Inc.,* 768 F.3d 605, 609 (7th Cir. 2014) (finding the lower court erred in believing, in an FMLA action, defendant "could not introduce any evidence about misconduct unless they could show that they had fired another worker for doing exactly what they belatedly learned" plaintiff did.).

Plaintiff also argues that taking company e-mails is not "gross misconduct" under Rand's policies and should have resulted only in a verbal or written warning under the terms of the

---

that Rand *would* have terminated plaintiff for her conduct, not that it had the authority to do so. (Trial Tr. at 193:21-23; 273:8-11; 555:21-24.) Moreover, the cases upon which plaintiff relies do not support her argument. *See Price Waterhouse v. Hopkins*, 490 U.S. 228, 252 (1989) (requiring in a mixed-motive case that the employer prove it would have made the same decision in the absence of discrimination, not applying the after-acquired evidence defense); *O'Day v. McDonnell Douglas Helicopter Co.*, 79 F.3d 756, 762 (9th Cir. 1996) (finding employer's testimony that employee would have been fired more than a "bald assertion" where [as in Rand's case] testimony was "corroborated both by the company policy, which plausibly could be read to require discharge for the conduct at issue here, and by common sense."); *Davis v. Billington*, 51 F. Supp. 3d 97, 113 (D.D.C. 2014) (granting defendant's motions to dismiss plaintiff's claims for front and back pay but denying it as to reinstatement because the Court could not find "on the current record and *prior to discovery* that the after-acquired evidence rule precludes the possibility of reinstatement as a matter of law" where defendant [unlike Rand in this case] lacked internal policies on the misconduct) (emphasis added); *Francisco v. Verizon S., Inc.*, 756 F. Supp. 2d 705, 729–30 (E.D. Va. 2010), *aff'd*, 442 F. App'x 752 (4th Cir. 2011) (granting summary judgment in part for defendant and leaving the question on the after-acquired evidence defense unanswered because plaintiff did not present sufficient evidence as a matter of law to present her case to a jury).

9

Company's handbook. (Dkt. No. 132. at 15.) The jury, however, was entitled to rely on the handbook's express reservation of the right of Rand to "select any of these [disciplinary] actions at any time as it, in its sole discretion, deems appropriate." (Def. Ex. 44 at 0034.) Plaintiff cannot rely on her own subjective belief that Rand would not have fired her for taking confidential and privileged documents to avoid the jury's verdict. *See, e.g., Nesselrotte,* 615 F. Supp. 2d at 406-07 (rejecting plaintiff's argument that she did not believe employer would have fired her for taking confidential and privileged documents and entering judgment as a matter of law in favor of defendant on after-acquired evidence defense). Instead, the question is whether there was sufficient evidence for a reasonable jury to conclude that Rand would have fired her for her conduct. *See* Fed. R. Civ. P. 50(a). The trial testimony, Rand's policies, and common sense permit (if not compel) such a conclusion. *Nesselrotte,* 615 F. Supp. 2d at 406 (finding *employer* was entitled to judgment as a matter of law on after-acquired evidence defense where employee took confidential and privileged documents to support claim against employer); *See also JDS Uniphase Corp. v. Jennings,* 473 F. Supp. 2d 697, 701 (E.D. Va. 2007) (holding employee breached Proprietary Information Agreement where employer discovered after the decision to terminate employee that employee retained privileged and confidential documents including emails between company management and outside counsel); *JDS Uniphase Corp. v. Jennings,* 473 F. Supp. 2d 705, 712 (E.D. Va. 2007) (granting summary judgment for employer on employee's retaliation claim under Sarbanes–Oxley Act where undisputed facts showed employer would have terminated plaintiff "for reasons unrelated to his alleged protected activity, to wit, for his admitted disdain for, and deliberate disregard of, [employer's] policies and procedures").

### D. Plaintiff Cannot Avoid the After-Acquired Evidence Defense Because She Communicated With Rand From Her Personal E-mail Account

Finally, plaintiff argues that Rand cannot rely on the after-acquired evidence defense because it knew the "basis for the defense … at the time of the adverse action." (Dkt. No. 132 at 12.) Specifically, plaintiff argues that Bazyluk testified that she knew on February 3—the date of plaintiff's termination—that plaintiff was forwarding e-mails to herself.[6] (Trial Tr. at 193:5-20.) This mischaracterizes Bazyluk's testimony. She testified that she knew of plaintiff's misconduct *prior to communicating plaintiff's termination* on the morning of February 3. *See, e.g., Reeves*, 530 U.S. at 150-51 (court must draw all inferences in favor of non-moving party). Plaintiff's argument also ignores the undisputed fact that Rand did not learn plaintiff had taken certain e-mails (including the attorney-client privileged e-mail) until *after* plaintiff filed her complaint in this action. (*See* Trial Tr. at 193:5-20.)

Moreover, knowing that plaintiff was forwarding e-mails to herself *on the date of her termination* does not preclude Rand from asserting the defense. The rule on which plaintiff relies is based on the principle that an employer cannot say it would have terminated an employee for conduct of which it was previously aware, when it allowed her to continue working despite this knowledge. *See, e.g., Russell v. Microdyne Corp.,* 65 F.3d 1229, 1240 (4th Cir.

---

[6] Plaintiff argues that since Bazyluk asked her for evidence of discrimination to support her claims, she was justified in stealing privileged and confidential documents (Dkt. No. 132 at 16.) and, erroneously relies on *Deltek, Inc. v. Dep't of Labor, Admin. Review Bd.,* 649 F. App'x 320, 326 (4th Cir. 2016) for support. In *Deltek*, a whistleblower, expecting fraud in violation of the Sarbanes–Oxley Act, was directed by the general counsel to collect information to support her complaint. *Id.* When the employee had reason to believe the employer was destroying documents relevant to her complaint she forwarded documents to her personal email. *Id.* Plaintiff here stole e-mails wholly unrelated to her claims prior to engaging in any protected conduct or making any complaints. Plaintiff never testified that she feared documents would be destroyed had she not taken them, nor is there any evidence that any destruction of documents was occurring. Plaintiff also never provided Bazyluk with any of these documents she took allegedly to support her case.

11

1995) ("upon evidence of wrongdoing," an "employer's decision not to terminate . . . plaintiff would be dispositive on this issue"). Plaintiff cites no authority for the proposition that learning of misconduct immediately prior to carrying out the decision to terminate plaintiff for another reason invalidates the defense. Indeed, such a rule would be illogical. It would require an employer to add every possible reason for an employee's termination when it was already terminating that employee for another reason, even if the "other" reasons for termination were based upon new or incomplete information. The after-acquired evidence doctrine does not require employers to take such action when it already has reached the decision to terminate in any event. *Cf. Cuff v. Trans States Holdings, Inc.,* 768 F.3d 605, 609 (7th Cir. 2014).

Plaintiff also argues that Rand knew of plaintiff's misconduct because she used her personal e-mail address to communicate with Haglund when she raised complaints of discrimination in late January and early February of 2017. (Dkt. No. 132 at 12-13.) This argument is specious. Rand's after-acquired evidence defense was not predicated on plaintiff sending e-mails to Haglund from her personal account. Rather, it was based upon plaintiff's surreptitious taking of *other people's* e-mails, *i.e.,* e-mails on which she was not an addressee. (*See, e.g.,* Trial Tr. at 440:6-13; 451:8-453:24; 460:13-461:17; 474:9-474:24 ; Def. Exs. 28, 34.) Plaintiff offers no evidence or logic to support the conclusion that Rand knew she was taking *Rabbitt's* personal and privileged e-mails because plaintiff chose to correspond with Haglund from her personal account. Or more to the point, there was sufficient evidence, taking all reasonable inferences in Rand's favor, to permit *the jury* to conclude that Rand was not aware that plaintiff stole confidential and privileged e-mails from Rabbitt based on her e-mails to Haglund. *See* Fed. R. Civ. P. 50(a) (judgment as a matter of law may only be entered if there is

no "legally sufficient evidentiary basis to find for the party on [the] issue").  Plaintiff's motion must be denied.

## IV.  CONCLUSION

For the foregoing reasons, defendant Rand Construction Corporation respectfully requests that plaintiff's motion for judgment as a matter of law be denied.

Dated: June 8, 2018                                   Respectfully submitted,

/s/ *Anthony T. Pierce*
Anthony T. Pierce (VS. No. 27862)
apierce@akingump.com
Nathan J. Oleson (*pro hac vice*)
noleson@akingump.com
Catherine E. Creely (VS No. 74796)
ccreely@akingump.com
Erica E. Holland
eholland@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

*Counsel for Defendant*
*Rand Construction Corporation*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 8, 2018, I electronically filed this document through the Court's ECF system, which will send a notice of electronic filing to all counsel of record.

                                                /s/ *Anthony T. Pierce*